IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CLAYTON MCCORKLE, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

VS.      No. 4:21-cv-00921-BRW

**R&S MOBILE HOME SERVICE, INC**
**and ROY PHILPOT**      **DEFENDANTS**

## ORDER

Pending is Plaintiff's Motion For Costs and Attorneys' Fees (Doc. No. 31). Defendants have responded and Plaintiff has replied.[1] For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART. Plaintiff's lawyers ("SLF"[2]) are entitled to $1,600 in lawyers' fees and $402 in costs from Defendant.

**I.  BACKGROUND**

Plaintiff filed this FLSA collective action on October 12, 2021, but never requested conditional certification. There was discovery but no substantive motions. After an initial demand of $3,730.03, Plaintiff settled for $3,000.[3] Now, Plaintiff seeks $5,483.00 in fees and $552 in costs.

**II.  DISCUSSION**

The Fair Labor Standards Act allows for reasonable lawyers' fees upon successful litigation of the claim.[4] Congress included the fee-shifting language so citizens would have

---

[1] Doc. Nos. 33, 34.

[2] Sanford Law Firm.

[3] Doc. No. 29-3.

[4] 29 U.S.C.A. § 216 ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

access to the courts to enforce their federal rights.[5] While that concept is good in theory, it has become apparent that, in practice, lawyers' fees are the driving force in many FLSA cases.[6]

The lodestar method is the "most useful starting point for determining the amount of a reasonable fee."[7] It requires the court to consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[8] Then, the court should "adjust the fee upward or downward on the basis of the results obtained."[9] "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[10] "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."[11]

---

[5]*Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2013 WL 1704722, *5 (D. Neb. April 18, 2013) (The "purpose of the FLSA attorney's fee provision is to insure effective access to the judicial process," and "encourage the vindication of congressionally identified policies and rights.").

[6]See *Jones v. RK Enterprises of Blytheville, Inc.*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *6 (E.D. Ark. Mar. 21, 2016), aff'd, 672 F. App'x 613 (8th Cir. 2016) ("The fact that a case involves fee shifting does not open the door to unwarranted billing that would otherwise never be incurred. Additionally, a lawyer is still required to do a cost-benefit analysis when considering whether to proceed to trial or settle a case, just as lawyer in a non-fee-shifting case would."); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (holding that "an entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction" after finding that the plaintiff "leveraged a small sum as a stepping-stone to a disproportionately large award of attorney's fees").

[7]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[8]*Id*.

[9]*Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

[10]*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551(2010) (emphasis in original).

[11]*Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (internal quotations omitted).

"An attorney[s'] fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client."[12]  Hours that were not "reasonably expended" must be excluded.[13]  "Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."[14]

A.     **Requested Hourly Rates**

SLF requests the following hourly rates: $300 (Vanessa Kinney); $250 (Rebecca Matlock); $190 (Courtney Lowery); $150 (Colby Qualls, Samuel Brown); $75 (law clerk); $60 (data analyst); and $100 (paralegal).[15]

As SLF knows, or should know assuming it reads any previous fees orders beyond the final fee awarded, these are not reasonable rates for a simple FLSA case in Arkansas.  Nothing more needs to be said.  A quick Westlaw search will reveal that nearly every judge in the Eastern and Western Districts of Arkansas have rejected these rates.  In fact, just a few weeks ago, they were rejected in five separate cases.[16]

---

[12]*Morales,* 2013 WL 1704722, at *7 (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 (1989)).

[13]*Hensley*, 461 U.S. at 434.

[14]*Id.*

[15]Doc. No. 45.

[16]*Clark v. Pollo, LLC*, No. 4:20-CV-01100-LPR, 2023 WL 2692425 (E.D. Ark. Mar. 29, 2023); *Bolin v. Trinity Prop. Mgmt., LLC*, No. 4:20-CV-885-LPR, 2023 WL 2714990 (E.D. Ark. Mar. 29, 2023); *Huey v. Trinity Prop. Mgmt., LLC*, No. 4:20-CV-685-LPR, 2023 WL 2715271 (E.D. Ark. Mar. 29, 2023); *Mitchell v. Brown's Moving & Storage, Inc.*, No. 4:19-CV-783-LPR, 2023 WL 2715027 (E.D. Ark. Mar. 29, 2023); *Brown v. Trinity Prop. Mgmt., LLC*, No. 4:19-CV-617-LPR, 2023 WL 2715022 (E.D. Ark. Mar. 29, 2023).

Based on a review of the submission and my knowledge of the local prevailing rates, I find that the reasonable hourly rates are and new totals are:

| Attorney | Reasonable Hourly Rate | Hours Claimed | New Total |
|---|---|---|---|
| Vanessa Kinney | $175 | 2.4 | $420.00 |
| Rebecca Matlock | $175 | 2.1 | $367.50 |
| Courtney Lowery | $150 | 0.8 | $120.00 |
| Samuel Brown | $150 | 1.9 | $285.00 |
| Colby Qualls | $150 | 16.2 | $2,430.00 |
| Paralegal | $100 | 6.5 | $650.00 |
| Law Clerk | $25[17] | 8.9 | $222.50 |
| **Adjusted Rate Total:** | | | $4,495.00 |

**B.    Hours Expended**

Now, I must consider the reasonableness of the hours expended. SLF did what the law requires: a self-audit resulting in a 39.48% reduction in hours requested.[18] This does not automatically make the remaining request reasonable. Several issues remain, including but not limited to those discussed below.

**1.   Rule 26(f) Report**

Plaintiff seeks 1.6 hours for work on a perfunctory Rule 26(f) report. This is a bit much, especially considering that the form is nearly identical to one it filed in another case.[19]

---

[17]*Clark v. Pollo*, LLC, No. 4:20-CV-01100-LPR, 2023 WL 2692425, at *3 (E.D. Ark. Mar. 29, 2023); *Bonds*, 2021 WL 4130508, at *3.

[18]*Oden v. Shane Smith Enterprises, Inc.*, 27 F.4th 631, 634 (8th Cir. 2022) ("When a party submits a fee petition, it is not the opening bid in the quest for an award.") (citations and quotations omitted).

[19]See Young v. The Maples Insurance Agency, Inc., et al., No. 4:22-cv-467-KGB (E.D. Ark.), Doc. No. 12.

### 2. Data Analyst

Plaintiff requests reimbursement for 0.9 hours ($54) for a data analyst, but does not explain what a data analyst is, why it was necessary, and why the work performed was any more than secretarial, which goes to overhead, not the opposing party.

### 3. In House Conferences

Despite a claimed reduction of 75% for "in house communication," there are still over thirty-five entries for this "work."

### 4. Other Considerations

Plaintiff's recovery of damages was 80% of the original demand. However, the overwhelming majority of billing was in 0.1 or. 0.2 increments. Actual substantive lawyering was nominal. The average rates of the lawyers billing here is $160. Ten hours of work was more than enough to resolve this case. Accordingly, Plaintiff is awarded $1,600 in fees.

## C. Costs

Plaintiff requests $552 in costs. However, the costs for service fees are not recoverable under 28 U.S.C. § 1920.[20] Plaintiff is entitled to costs of $402.

## CONCLUSION

Based on the above reasons, Plaintiff's Motion to Approve Attorney Fees (Doc. No. 31) is GRANTED IN PART and DENIED IN PART. Plaintiff is entitled to $1,600 in lawyers' fees and $402 in costs from Defendants.

IT IS SO ORDERED this 17th day of April, 2023.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[20] *Thomas v. Viskase Companies, Inc.*, No. 3:19-CV-330-DPM, 2022 WL 1477435, at *1 (E.D. Ark. May 10, 2022) ("The postage and the private service fee, however, aren't recoverable as costs.").